*United States Bankruptcy Court*
*District of New Jersey*
*Clarkson S. Fisher Federal Building*
*United States Courthouse*
*402 East State Street*
*Trenton, New Jersey 08608*

*Hon. Kathryn C. Ferguson, USBJ*                                                           *(609) 858-9351*

## **LETTER DECISION**

March 13, 2015

Timothy P. Neumann, Esquire
Broege, Neumann, Fischer & Shaver, LLC
25 Abe Voorhees Drive
Manasquan, New Jersey 08736

Richard M. Meth, Esquire
Raymond T. Lyons, Esquire
Fox Rothschild LLP
75 Eisenhower Parkway – Suite 200
Roseland, New Jersey 07068

                                           Re:     CB Brielle, LLC
                                                            Case No. 13-34693

                                                            Theodore J. Liscinski, Chapter 7 Trustee vs.
                                                            Praesidian Capital Opportunity Fund III, LP
                                                            Adversary No. 14-1789

Dear Counsel:

       The following is the court's proposed findings of fact and conclusions of law[1] on the Notice of Motion of Praesidian Capital Opportunity Fund III, LP and Praesidian Capital Opportunity Fund III-A, LP to Transfer Venue to the United States Bankruptcy Court for the Western District of Oklahoma or, Alternatively, to Transfer the Adversary Proceeding. This opinion also resolves the Motion of Praesidian Capital Opportunity Fund III, LP for Entry of an Order Dismissing Adversary Complaint With Prejudice that was filed in adversary proceeding 14-1789. The court took oral argument on February 3, 2014.

---

       [1] These findings are issued consistent with Fed. R. Bankr. P. 7052

The court will begin with Praesidian's motion to dismiss the adversary complaint. Praesidian asserts that the complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the claims asserted are barred under the doctrines of claim preclusion, equitable estoppel, judicial estoppel, and quasi-estoppel. These arguments are all premised on the Landlord's failure to raise the issue of the lien on the liquor license prior to the dismissal of the Oklahoma bankruptcy case. The gravamen of Praesidian's argument is that the Landlord did not object to the motion to dismiss the Oklahoma case despite the fact that the landlord and its counsel were served with a copy of the Report of Sale, which reflected that the net proceeds of the sale of the liquor license in the amount of $351,993.40 had been paid to alleged secured creditor Praesidian. The court will consider each theory in turn.

The doctrine of res judicata, or claim preclusion, is intended to avoid piecemeal litigation of claims arising from the same events.[2] Claim preclusion "gives dispositive effect to a prior judgment if a particular issue, although not litigated, could have been raised in the earlier proceeding."[3] Application of claim preclusion requires: (1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit based on the same cause of action.[4] The court finds that claim preclusion does not bar this adversary proceeding because the first and third requirements are not satisfied.

First, the court finds that claim preclusion does not apply because there was no final judgment on the merits. The bankruptcy court in Oklahoma never ruled on whether Praesidian holds a valid lien on the liquor license under New Jersey law. Praesidian's arguments to the contrary strain the logical limits of the concept of judgment on the merits. Praesidian asserts that there was a judgment on the merits based on the fact that a declaration submitted in support of the motion to sell the license states that Praesidian holds a first lien on the license. Asserting a fact in a supporting certification is quite different from the court making an explicit finding to that effect. The bankruptcy court in Oklahoma did not need to find that Praesidian held a valid secured claim on the liquor license to approve the sale under § 363(f). Nonetheless, Praesidian argues that the court's approval of the sale was premised on its consent[5] as a secured creditor. Even if that is true, Praesidian's consent was not essential to approval of the motion. If the Landlord had raised the lien issue at the time of the sale, the sale could have been approved in reliance on § 363(f)(4) ("such interest is in bona fide dispute"). Praesidian also relies on the fact that the sale order stated that according to Oklahoma's local rules, all findings of fact are based upon representation of counsel. Praesidian seems to have lost sight of the fact that one of the representations the debtor made in that motion was that the purchase price was to be deposited in a segregated account pending further order of the court. That representation is a vital component of this analysis, because claim preclusion can apply to issues that, although not litigated, could have been raised in the earlier proceeding. Based on the debtor's assurances in its motion that the funds from the sale of the liquor license would not be distributed without further order of the court, the Landlord was justified in not raising the lien issue as part of the sale motion. A party will not be precluded from raising a claim if the party did not have the opportunity to fully and

---

[2] Churchill v. Star Enters., 183 F.3d 184, 194 (3d Cir. 1999)
[3] CoreStates Bank, N.A. v. Huls America, Inc., 176 F.3d 187, 194 (3d Cir. 1999)
[4] Id.
[5] Presumably meaning satisfaction of 11 U.S.C. § 363(f)(2)

fairly litigate the claim.[6] It cannot be said that the Landlord had a fair opportunity to litigate this issue during the Oklahoma bankruptcy case when the debtor dismissed the Oklahoma case without seeking a further order of the court regarding disposition of the proceeds of the sale. It also bears noting that a court may decline to apply estoppel principles on equitable grounds even where the doctrine might otherwise apply.[7]

Additionally, the court finds that claim preclusion does not apply because this adversary proceeding is not based on the same cause of action as the Oklahoma bankruptcy. This adversary proceeding does not seek to undo the sale; rather, it asserts that the transfer of the proceeds of the sale was a voidable preference. None of the elements of a cause of action under § 547 were addressed in the Oklahoma bankruptcy case. Because Praesidian has failed to establish two of the three elements for claim preclusion, the court will not rule in its favor on that theory.

Next, Praesidian argues this adversary proceeding should be dismissed based on equitable estoppel. Praesidian relies on the Third Circuit's decision in Oneida Motor Freight, Inc. v. United Jersey Bank.[8] The Oneida court applied equitable and judicial estoppel based on its finding that the Chapter 11 debtor violated its statutory and fiduciary duty to disclose. In this case, the Landlord had no statutory or fiduciary obligation to raise the lien issue prior to when the debtor sought to disburse the funds. A debtor in possession has very different obligations to the court than an unsecured creditor. It has been noted that "equitable and judicial estoppel are extraordinary remedies to be invoked when a party's inconsistent behavior will otherwise result in a miscarriage of justice."[9] Here, if there is a miscarriage of justice to be found it is in the fact that CB Brielle did an end run around the requirement in the sale order that there be a further order of the court prior to distribution of the sale proceeds. An application of equitable estoppel also requires a finding that the person asserting it relied on a representation in good faith and as a result changed its position for the worse.[10] Despite extensive briefing and oral argument, the court has not heard from Praesidian how it changed its position for the worse.

The next theory advanced by Praesidian is judicial estoppel. That theory "applies when a party asserts a position in one court proceeding and then in bad faith asserts an inconsistent position in another proceeding."[11] The court finds no inconsistency of position here. The trustee's assertion that the transfer of the sale proceeds to Praesidian was a preference under § 547 is not inconsistent with the Landlord's silence during the sale motion.

Finally, Praesidian asserts the doctrine of quasi-estoppel. This doctrine is related to both equitable and judicial estoppel, but "there is no requirement of a change in position in reliance

---

[6] *See*, Restatement (Second) of Judgments § 26(1)(c)
[7] In re Karpo, 2011 WL 3034486 (Bankr. D.N.J. July 22, 2011) (citing Olivieri v. Y.M.F. Carpet, Inc., 186 N.J. 511 (2006))
[8] 848 F.2d 414 (3d Cir. 1988)
[9] Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 424 (3d Cir. 1988) (J. Stapelton, dissenting)
[10] In re RFE Indus., Inc., 283 F.3d 159 (3d Cir. 2002)
[11] In re Price, 361 B.R. 68 (Bankr. D.N.J. 2007)

upon another's prior conduct."[12] The doctrine should be applied when the "conscience of the court is repelled by the inconsistency."[13] As has been previously stated, this court is not repelled by any inconsistency between the position being taken by the trustee in this adversary proceeding and the actions of the Landlord in the Oklahoma bankruptcy case. What the court finds striking is that while Praesidian wants the court to attribute ill motive to the Landlord's silence, Praesidian itself is silent about the precise timing of the events in the Oklahoma bankruptcy case. Most notably, Praesidian neglects to mention that the Report of Assets that revealed that CB Brielle had transferred the sale proceeds to Praesidian in contravention of the order approving the sale was filed two weeks <u>after</u> the initial return date of the dismissal motion. In fact, the Report of Assets was filed only two days before the Oklahoma bankruptcy case was dismissed.

Overall, the court finds that none of the equitable theories advanced by the movant support dismissal of this adversary proceeding. The motion to dismiss is denied.

That brings the court to the motion to transfer venue to the Western District of Oklahoma. The party seeking to transfer venue bears the burden of proving by a preponderance of the evidence that transfer is warranted.[14] There is a strong presumption in favor of maintaining the original venue.[15]

Venue for a bankruptcy case is proper where, for the 180 days prior to filing, the debtor maintained its domicile, residence, principal place of business, or principal assets.[16] Here, those factors are largely inapplicable because CB Brielle is no longer operating and its primary asset, its NJ liquor license, has been sold. In such instances, the court should consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum."[17] The most compelling argument Praesidian makes in favor of transferring venue is that the Oklahoma bankruptcy court retains jurisdiction to enforce its own orders. This court would be in complete agreement had the Oklahoma bankruptcy court entered an order regarding the distribution of the sale proceeds; however, because CB Brielle did not remind the Oklahoma bankruptcy court of the terms of the sale order prior to seeking dismissal, no such order was ever entered. Because this adversary proceeding does not seek to undo the sale order, the court finds Praesidian's argument unpersuasive. The court is also unconvinced by Praesidian's argument that the Oklahoma court is more familiar with the facts of this case than this court. The bankruptcy case in Oklahoma was dismissed in November 2013; it is highly unlikely 16 months later that Judge Jackson has any personal recollection of the facts surrounding this case. If this court were to transfer venue, Judge Jackson would have to come up to speed on the case, and that does not promote judicial efficiency when this court has an action pending before it and is already familiar with the history of the case. In seeking a transfer of venue, Praesidian once again stresses the Landlord's

---

[12] <u>Id.</u> at 79
[13] <u>Id.</u>
[14] <u>Matter of Emerson Radio Corp.</u>, 173 B.R. 490 (D.N.J. 1994)
[15] <u>In re Hechinger Inv. Co. of Delaware, Inc.</u>, 288 B.R. 398 (Bankr. D. Del. 2003)
[16] 28 U.S.C. § 1408(1)
[17] <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 878 (3d Cir. 1995) (quoting 15 Charles A. Wright, et al., Federal Practice and Procedure § 3847)

supposed inequitable conduct. The court disagrees. In the debtor's motion to dismiss the involuntary bankruptcy case, this court found that it was not bad faith for the Landlord to file this case in New Jersey. In that opinion, this court noted that the Landlord had not induced the debtor to dismiss the Oklahoma case, it had simply taken advantage of that dismissal to litigate the lien issue in a more convenient forum: a forum that is familiar with New Jersey law regarding liens on liquor licenses.

Praesidian argues that filing the involuntary case in New Jersey was an obvious attempt at forum shopping. The court questions which party is truly trying to forum shop. Praesidian is located in New York, so it would appear that venue in New Jersey would be more convenient than Oklahoma. But rather than getting to the heart of the matter, Praesidian choses to engage in unnecessary and expensive motion practice. The issue of whether there is a lien on the liquor license must be decided somewhere and New Jersey - where an action is currently pending, and the asset itself was located - is as good a place as any. This is purely a legal issue so the location of potential witnesses is not a factor. While Oklahoma may be an acceptable venue for a large financial institution, for a creditor of more limited means having the venue of the case be where the primary assets of the debtor were located serves the interests of justice. The request to transfer venue of the bankruptcy case is denied.

The alternative relief requested, to transfer venue of only the adversary proceeding, is also denied. The adversary proceeding is the primary purpose of this bankruptcy case, so to sever it and send it to the Western District of Oklahoma would be nonsensical. The court finds that Praesidian has not sustained its burden by a preponderance of the evidence, and the original venue of both the bankruptcy case and the adversary proceeding will stand.

The court will enter the standard orders denying both motions.

*/s/ Kathryn C. Ferguson*
KATHRYN C. FERGUSON
US Bankruptcy Judge